## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALEJANDRO ART SANCHEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-04-1040-L |
| | ) | |
| R. C. DANIELS,[1] LARRY DAMRON,[2] | ) | |
| WILLIAM PUTMAN, MIKE | ) | |
| BURGESS, TERESA MULICAN, | ) | |
| J. M. KELLY, VERN WILSON, and | ) | |
| JASON HUSTED,[3] | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violation of his constitutional rights.  This matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Defendant J. M. Kelly has filed a Motion to Dismiss and Brief in Support [Doc. #26], Defendant Mike Burgess has filed a Motion to Dismiss and Brief in Support [Doc. #27], Defendants R. C. Daniel, Lary Damron, William Putnam and Teresa Mulican have filed a joint Motion to Dismiss and Supporting Brief [Doc. #34], and Defendants Vern Wilson and Chance Husted have filed a joint Motion to Dismiss and Brief in Support [Doc. #71].

---

[1]This Defendant identifies himself as "R. C. Daniel."

[2]This Defendant identifies himself as "Lary Damron."

[3]This Defendant identifies himself as "Chance Husted."

Plaintiff has filed two Motions for Default Judgment [Doc. ##74, 84] as to Defendants Wilson and Husted.[4]

For the reasons stated herein, Defendants' motions to dismiss should be granted in part and denied in part, and Plaintiff's motions for default judgment against Defendants Wilson and Husted should be denied.

## Background

Plaintiff is an inmate incarcerated at Dick Conner Correctional Center. He filed this civil rights action on August 19, 2004.[5] Plaintiff's claims arise from a traffic stop on June 20, 2002. On that date, Plaintiff and two other people in the same vehicle were subjected to a traffic stop by Defendant Wilson, an Oklahoma Highway Patrolman, at mile marker 57 on Interstate 40 in Custer County, Oklahoma. After stopping the vehicle for an alleged traffic violation, Defendant Wilson allegedly summoned agents of the District II Drug Task Force, including Defendants R. C. Daniel and Lary Damron. The task force agents searched the vehicle, seized evidence, and arrested Plaintiff. According to Plaintiff, the District II Drug Task Force lacks the jurisdictional authority to act outside the city limits of Elk City, Oklahoma, and therefore they lacked the authority to search the vehicle and arrest him in Custer County, Oklahoma.

---

[4]The two motions seek the same relief – an entry of default judgment against Defendants Wilson and Husted. Attached to the second Motion for Default Judgment [Doc. #84] is an Affidavit, signed by Plaintiff, which states that neither defendant is in the military service of the United States.

[5]The envelope in which Plaintiff mailed his Complaint is post-marked August 17, 2004. The verification attached to the Complaint and signed by Plaintiff is dated August 12, 2004.

**Plaintiff's Claims**

In Count I, Plaintiff alleges that Defendants violated his Fourth Amendment right to be free of unreasonable searches and seizures because the task force agents acted outside their jurisdictional authority.

In Count II, Plaintiff alleges that Defendants Wilson and Husted violated his Fourteenth Amendment rights to due process and equal protection by stopping his vehicle based on profiling. Plaintiff states that Defendants Daniel and Damron violated his due process rights by pretending to be agents of the District II Drug Task Force, an entity which, according to Plaintiff, did not exist. He further contends that Defendants Putman, Burgess, Mulican and Kelly entered into illegal agreements, in violation of state law, to confer jurisdiction on agents of an illegal task force.[6]

Plaintiff seeks to recover money damages from the named Defendants.[7]

---

[6]Plaintiff identifies Putnam as the Elk City Chief of Police, Burgess as the Custer County Sheriff, Mulican as the Mayor of Elk City, and Kelly as Custer County Commissioner. Complaint at 5.

[7]The Complaint does not include any information about the conviction for which Plaintiff is imprisoned, and Plaintiff does not even state that the search of the vehicle and seizure of evidence led to a conviction. Consequently, no analysis of the ripeness of Plaintiff's action under *Heck v. Humphreys*, 512 U.S. 477 (1994), is included in this Report and Recommendation. The Court notes, however, that Plaintiff's § 1983 action for damages is likely not barred by *Heck* because claims of unreasonable search and seizure, even if successful, may not *necessarily* imply that a subsequent conviction was unlawful. *See Heck* at 487 n. 7; *see also Beck v. City of Muskogee Police Department*, 195 F.3d 553, 558 (10th Cir. 1999) (because of doctrines like independent source, inevitable discovery and harmless error, a § 1983 action based on an allegedly unreasonable search would not *necessarily* imply that plaintiff's conviction was unlawful) (*citing Heck*).

**Standard of Review**

"Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kansas Dept. of Corrections* 165 F.3d 803, 806 (10th Cir.1999). In determining whether dismissal is proper, the Court must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff. *Id.*

**Defendants' Motions to Dismiss**

All Defendants contend that Plaintiff's claims accrued on June 20, 2002, the date of the traffic stop and subsequent search, seizure, and arrest, and that, therefore, his Complaint, filed in August 2004, is time barred.

State statutes of limitations applicable to general personal injury claims supply the limitations periods for § 1983 claims. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Beck v. City of Muskogee Police Department*, 195 F.3d 553, 557 (10th Cir. 1999). Federal law, however, governs when a civil rights claim accrues. *Smith v. City of Enid ex rel. Enid City Commission*, 149 F.3d 1151, 1154 (10th Cir. 1998).[8] In this case, Oklahoma's two-year statute applies to Plaintiff's claims. *See Meade v. Grubbs*, 841 F.2d 1512, 1522-24 (10th Cir. 1988). "Since the injury in a § 1983 case is the violation of a constitutional right, such

---

[8]For this reason, the Court rejects the accrual argument advanced by Defendants Daniel, Damron, Putnam and Mulican in Defendants' Corrected Reply to Plaintiff's Response to Defendants' Motion to Dismiss. *See* Doc. #82 at 2. Defendants incorrectly base their argument on the belief that the accrual of a cause of action is based on state law rather than federal law.

claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Smith v. City of Enid*, 149 F.3d at 1154 (quotation and citations omitted). In this case, Plaintiff's claims arise from alleged racial profiling and an allegedly illegal search and seizure occurring on June 20, 2002. "'Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur.'" *Beck* at 558 (*quoting Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir.1991)). A plaintiff can rebut the presumption by providing information showing that the claim accrued at a later time. *See id.*

**Racial Profiling**

Plaintiff alleges that racial profiling was the motivating factor behind the traffic stop conducted by the Oklahoma Highway Patrolmen, Defendants Wilson and Husted. He claims on that basis that the traffic stop violated his Fourth Amendment rights. Plaintiff has provided no information to rebut the presumption that his racial profiling claim accrued on June 20, 2002, the date of the traffic stop. Plaintiff's Complaint, filed in August 2004, is therefore untimely as to Plaintiff's racial profiling claim.

If Plaintiff's Complaint is liberally construed as asserting the racial profiling claim against the remaining Defendants, they, too, would be entitled to dismissal of this claim based on the expiration of the two-year statute of limitations. The racial profiling claim accrued on the date of the traffic stop and should be dismissed as untimely as to all Defendants. *See Anderson v. Keeling*, No. 03-6019, 2003 WL 21702523 (10th Cir. Feb. 28,

2003) (affirming district court's dismissal of racial profiling claim, which accrued on date

of traffic stop, as untimely) (unpublished opinion cited for its persuasive value pursuant to

Tenth Circuit Rule 36.3).

### Illegal Search, Seizure, and Arrest

The accrual date for Plaintiff's remaining claims depends on when Plaintiff knew or

should have known that the task force agents acted outside their jurisdiction and/or pursuant

to illegal agreements, as alleged in the Complaint.  The presumption, under *Beck*, is that the

claim accrued when the allegedly illegal search and arrest occurred.  *Beck* at 558.  But

Plaintiff has rebutted the presumption by providing information showing that it was not until

February 3, 2003, that he first had notice that the agents had acted outside their jurisdiction.

In Plaintiff's responses to Defendants' motions to dismiss, he states that he first had

notice that the task force agents had acted outside their jurisdiction on February 3, 2003,

when he was given that information by his stand-by defense counsel, Tim Laughlin.  *See*

Plaintiff's Responses [Doc. #47] at 2 and [Doc. #58] at 2, fn. 1.  Plaintiff states that Mr.

Laughlin informed him of the illegality of the task force action and provided him with a

certificate from the Oklahoma Secretary of State stating that there was no record of an

Interlocal Cooperation Agreement between the District II Drug Task Force and the Cities of

Elk City, Oklahoma, and Clinton, Oklahoma.  This certificate is dated August 21, 2002.  *See*

Plaintiff's Response [Doc. #47], Exhibit E.  In their replies, Defendants have not refuted

Plaintiff's information nor have they described any circumstances that would have put

Plaintiff on notice of his claim at the time of his arrest.  The undisputed factual record

reflects that the information did not come to Plaintiff's attention until February 3, 2003, and Plaintiff contends that the information was not discoverable until August 21, 2002, the date of the certificate.  Plaintiff's civil rights action was filed in this Court on August 19, 2004; therefore, if the accrual date is deemed to be August 21, 2002, his action is timely.

The Tenth Circuit has expressly held that under some circumstances an arrest made outside of the arresting officer's jurisdiction may violate the Fourth Amendment to the Constitution and may therefore be actionable pursuant to 42 U.S.C. § 1983.  *Ross v. Neff*, 905 F.2d 1349, 1354 (10th Cir. 1990).  "A warrantless arrest executed outside of the arresting officer's jurisdiction is analogous to a warrantless arrest without probable cause."  *Id*. at 1353-1354.  It is not obvious that the facts Plaintiff has alleged regarding the search of his vehicle and his subsequent arrest would, if proven, result in judgment for the Defendants, nor does it appear from the record before the Court that Plaintiff's claim relating to the illegality of the task force agents' actions is untimely.  Therefore, these claims survive the motions to dismiss which were premised solely on the timeliness of the Complaint.

As to Defendants Wilson and Husted, however, Plaintiff has failed to state a claim regarding the allegedly out-of-jurisdiction search, seizure and arrest and alleged illegal agreements.  As members of the Oklahoma Highway Patrol, Defendants Wilson and Husted acted within their jurisdiction when they stopped a vehicle for a traffic violation on an Oklahoma highway.   Even if Defendants Wilson and Husted summoned the task force members as Plaintiff alleges, Plaintiff has supplied no facts indicating that these Defendants knew the task force was acting outside its jurisdiction or participated in any allegedly illegal

agreements.  To the contrary, Plaintiff states that Defendant Wilson summoned agents of the task force "believing them to be Custer County DA's investigators."  Petition at 2.  *See also* Plaintiff's Affidavit ¶ 5, attached to Plaintiff's Response [Doc. #58].   It is therefore recommended that Plaintiff's claims of illegal out-of-jurisdiction search, seizure and arrest and illegal agreements be dismissed as to Defendants Wilson and Husted for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915A and § 1915(e)(2)(B)(ii).[9]

**Illegal Agreements/Conspiracy**

Plaintiff's claim regarding illegal agreements among Defendants Putman, Burgess, Mulican, and Kelly may be liberally construed as a claim of conspiracy to violate his constitutional rights.   *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Although not perfectly clear from the record before the Court, this claim would appear to have accrued at the same time Plaintiff's claim of unlawful out-of-jurisdiction search and seizure accrued.  Plaintiff's Complaint states that Defendants Putnam, Burgess, Mulican, and Kelly, acting in their official and "personal" capacities under color of state law, "made illegal agreements with the Elk City Police Department and those agreements were used to facilitate illegal arrests specifically my arrest."  Complaint Attachment 3A.  The Complaint further states that Defendants Putman, Burgess, Mulican and Kelley "acted together in their official capacities

_____

[9]This Court is under an obligation to review a complaint filed by a prisoner seeking redress from a governmental entity, officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  The Court must "identify cognizable claims" and shall dismiss the complaint, or any portion thereof, which "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).  *See also* 28 U.S.C. § 1915(e)(2)(B) (allowing dismissal of claims brought by a Plaintiff proceeding *in forma pauperis* "at any time.").

to enter into illegal agreements in [violation] of state law to confer jurisdiction to agents of an illegal task force."  Complaint at 3 ¶ C(2).  These facts are sufficient, although barely so, to satisfy the requirement in Fed.R.Civ.P. 8 which requires only "a short and plain statement of the claim."  *See Lessman v. McCormick*, 591 F.2d 605, 611 (10th Cir. 1979) ("In many cases of conspiracy essential information can only be produced through discovery, and the parties should not be thrown out of court before being given an opportunity . . . to ascertain whether the linkage they think may exist actually does.").  Moreover, Rule 8(f) provides that "all pleadings shall be so construed as to do substantial justice."  Fed.R.Civ.P. 8(f). Therefore,  although the Court is skeptical of the ultimate viability of a conspiracy claim in this context, this claim survives the judicial screening mandated by 28 U.S.C. §1915(e)(2) and § 1915A and also survives the motions to dismiss of Defendants Putman, Burgess, Mulican and Kelley, which are based solely on their contention that Plaintiff's claims are untimely.[10]

 **Plaintiff's Motion for Default Judgment**

Plaintiff served all Defendants.  Defendants Wilson and Husted, however, did not file a response to the Complaint in the time allotted by the Federal Rules of Civil Procedure.  On April 12, 2005, Defendants Wilson and Husted, who are represented by the Attorney General for the State of Oklahoma, filed a Motion for Leave to File Responsive Pleading Out of Time [Doc. #68].  Defendants' counsel stated that Defendants Wilson and Husted had timely

---

[10]By determining that Plaintiff's conspiracy claim survives judicial screening, the Court expresses no opinion as to whether the claim will survive defenses that may be asserted at some later stage in this proceeding.

requested representation, but that the request had been inadvertently misfiled or misplaced, and no further action had been taken. Counsel emphasized that the failure to respond was not the fault of Defendants Wilson and Husted. This Court granted their Motion to file a responsive pleading out of time. Defendants Wilson and Husted then promptly filed their responsive pleading, a Motion to Dismiss, on April 13, 2005 [Doc. #70]. Thereafter, on April 18, 2005, Plaintiff filed a Motion for Default Judgment [Doc. #74]. Plaintiff filed a second Motion for Default Judgment seeking the same relief on April 25, 2005 [Doc. #84]. As discussed in further detail below, Defendants Wilson and Husted's failure to file a timely response to Plaintiff's Complaint was the result of excusable neglect, and this court, acting within its discretion, allowed Defendants Wilson and Husted to file a responsive pleading out of time. Because Defendants Wilson and Husted received the Court's permission to file their response out-of-time and because their failure to act within the allotted time frame was the result of excusable neglect, Plaintiff's motions for default judgment should be denied.

Rule 6(b)(2) of the Federal Rules of Civil Procedure grants federal courts the discretion to admit an untimely filing, upon motion, if the failure to timely act was the result of "excusable neglect." Fed.R.Civ.P. 6(b)(2). Rule 6(b) applies to motions to dismiss for failure to state a claim under Rule 12(b)(6). *See id.* (excluding various motions from Rule 6(b)'s time extension procedures, but not listing motions to dismiss for failure to state a claim upon which relief may be granted).

The Tenth Circuit Court of Appeals has held that "[a] finding of excusable neglect under Rule 6(b)(2) requires both a demonstration of good faith by the parties seeking the

enlargement and . . . a reasonable basis for not complying within the specified period." *In re Four Seasons Securities Laws Litigation*, 493 F.2d 1288, 1290 (10th Cir. 1974). More recently, the Supreme Court discussed the nature of "excusable neglect" as used in Rule 6(b) in a bankruptcy appeal in which the Court was called upon to determine the meaning of "excusable neglect" as used in Bankruptcy Rule 9006(b)(1), a rule patterned after Fed.R.Civ.P. 6(b):

> As with Rule 9006(b)(1), there is no indication that anything other than the commonly accepted meaning of the phrase was intended by [the drafters of Rule 6(b)]. It is not surprising, then, that in applying Rule 6(b), the Courts of Appeals have generally recognized that "excusable neglect" may extend to inadvertent delays. Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.

*Pioneer Investment Services Company v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 391-392, (1993) (internal citations omitted). The Court concluded that determination of "excusable neglect" "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395 (internal quotations and citations omitted). Relevant factors to consider are the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id.*

In this case, consideration of the relevant factors convinced this Court to grant the requested time extension. First, Plaintiff was not prejudiced by the delay because the case

was not ready for preliminary consideration before Defendants Wilson and Husted filed their responsive pleading.  For the same reason, the delay did not impact judicial proceedings. Third, Defendants Wilson and Husted had timely notified the Oklahoma Attorney General of their need for representation, and the delay in their response was due to inadvertent misplacement of the request in the Attorney General's Office.  Finally, there is no indication that these Defendants did not act in good faith.

Default judgments are not favored by courts.  *See Katzson Bros., Inc. v. United States Environmental Protection Agency*, 839 F.2d 1396, 1399 (10th Cir. 1988).  And decisions regarding default judgments are left to the discretion of the district court.  *See Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003).  Under the circumstances presented here, Plaintiff's motions for default judgment should be denied.

## <u>RECOMMENDATION</u>

It is recommended that the Motion to Dismiss of Defendants Wilson and Husted [Doc. #71] be granted and that all claims against them be dismissed.  Plaintiff's racial profiling claim is untimely, and Plaintiff has failed to state any other claim against these Defendants upon which relief could be granted.

It is recommended that the Motion to Dismiss of Defendants Daniel, Damron, Putnam and Mulican [Doc. #34] and the Motions to Dismiss of Defendants Kelly and Burgess [Doc. ##26, 27] be granted in part as to the untimely racial profiling claim but denied as to Plaintiff's remaining claims.

Finally, it is recommended that Plaintiff's Motions for Default Judgment [Doc. ##74, 84] be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objections must be filed with the Clerk of the District Court by August __9th__, 2005.  *See* Local Civil Rule 72.1.  Failure to make timely objection to this Report and Recommendation waives any right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation partially disposes of the issues referred by the District Judge.

ENTERED this __20th__ day of July, 2005.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE