IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

ALEJANDRO ART SANCHEZ,      )
                            )
                Plaintiff,  )
                            )
v.                          )        No. CIV-04-1040-L
                            )
R.C. DANIELS, et al.,       )
                            )
                Defendants. )

# O R D E R

On August 19, 2004, plaintiff filed this action seeking damages for alleged

violations of his civil rights.  Plaintiff alleges that he was subjected to racial profiling

when the vehicle in which he was riding was stopped by Oklahoma Highway Patrol

officers Vern Wilson and Chance Husted[1] on June 20, 2002.  He alleges that the

subsequent search and seizure of the vehicle and his arrest were illegal.  He claims

that the officers who performed those acts, defendants R.C. Daniel and Lary

Damron,[2] were members of the Elk City, Oklahoma police department who were

acting outside their jurisdiction.  Finally, he contends that the Chief of Police and

Mayor of Elk City, together with the Custer County Sheriff and a Custer County

---

[1]The Complaint names Officer Husted as "Jason Husted"; in his motion to dismiss, Officer Husted identifies himself as "Chance Husted".

[2]Although the Complaint names these defendants as "R.C. Daniels" and "Larry Damron", they identify themselves as "R.C. Daniel" and "Lary Damron".

Commissioner,[3] conspired to violate his constitutional rights by permitting Elk City police officers to effect arrests outside the city's jurisdictional limits.

Pursuant to 28 U.S.C. § 636, this matter was referred to the Honorable Valerie K. Couch for initial review.  On July 20, 2005, Judge Couch issued a Report and Recommendation in which she recommended that defendants' motions to dismiss be granted in part and denied in part.  Specifically, Judge Couch held that plaintiff's racial profiling claim should be dismissed as time-barred.  She concluded, however, that the statute of limitations had not run with respect to plaintiff's remaining claims. Nonetheless, she recommended dismissing the search and seizure claim as to the Oklahoma Highway Patrol officers as they were clearly acting within the scope of their statewide jurisdiction during the encounter with plaintiff.  Finally, Judge Couch recommended denying plaintiff's motion for entry of default with respect to defendants Wilson and Husted.

All parties except Wilson and Husted have objected to the Report and Recommendation.  Plaintiff objects to dismissal of the racial profiling claim and the failure to declare Wilson and Husted in default.  Defendants contend that all of plaintiff's claims are time-barred as they all accrued on June 20, 2002.  In addition, defendants Burgess and Kelly argue that plaintiff lacks standing to assert a Fourth

_____

[3]Defendant William Putnam is named as the Chief of Police of Elk City and defendant Teresa Mulican as its mayor.  Mike Burgess is named as the Sheriff of Custer County, Oklahoma. Defendant J.M. Kelley is sued in his capacity as a Custer County Commissioner.

2

Amendment claim as he has not alleged ownership of the vehicle.  Pursuant to 28 U.S.C. § 636(b), the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  In accordance with this mandate, the court has reviewed the Report and Recommendation, the objections thereto, and the case file.  Based on this review, the court concludes that this matter should be dismissed in its entirety.

The court concurs with the Report's analysis regarding the racial profiling claim.  That claim accrued on June 20, 2002; as plaintiff did not file this action within two years of that date, the claim is barred by the statute of limitations.  Plaintiff's argument that defendants' racial profiling constitutes a continuing violation does not save his claim.  The continuing violation doctrine permits a "plaintiff to challenge incidents that occurred outside the statutory time limitations . . . if such incidents are sufficiently related and thereby constitute a continuing pattern . . . ."  Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir.), *cert. denied*, 513 U.S. 832 (1994).  Plaintiff, however, has not alleged that he was subject to any acts of racial profiling after his stop on June 20, 2002.  Likewise, the court rejects plaintiff's argument that default should have been entered against defendants Wilson and Husted.  As Judge Couch correctly noted, Fed. R. Civ. P. 6(b) gives federal courts discretion to permit untimely filings if the failure to act was due to excusable neglect.  Her finding that excusable neglect occurred in this case is well-supported.  Plaintiff's objections to the Report and Recommendation are therefore overruled.

The court, however, sustains defendants' objections to the Report and Recommendation and finds plaintiff's remaining claims are barred by the statute of limitations. Plaintiff's illegal arrest and search and seizure claims accrued at the time those events occurred, that is on June 20, 2002. *See* <u>Beck v. City of Muskogee Police Dep't</u>, 195 F.3d 553, 558 (10th Cir. 1999) (claim that police acted outside their jurisdiction accrued at time of incident). As plaintiff did not file his complaint until August 2004, these claims are barred by the two-year statute of limitations. Moreover, it appears that plaintiff's claims run afoul of the rule enunciated in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), and are therefore subject to dismissal. In <u>Heck</u>, the Court held

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated.

Id. at 486-87.  Documents attached by plaintiff demonstrate that he was charged with one count of trafficking in drugs, specifically methamphetamine.  Exhibit F-1 to Plaintiff's Response to Defendants' Motion to Dismiss at ¶ 1 (Doc. No. 47).  These same documents establish that plaintiff would not have been charged with this crime absent the allegedly illegal arrest and search.  Because no citation was given for the traffic stop,[4] this is one of the rare situations where the only evidence against plaintiff was obtained pursuant to an allegedly illegal search, seizure, and arrest.  *See* Beck, 195 F.3d at 559 n.4.  A judgment in plaintiff's favor in this action would therefore imply the invalidity of his state court conviction.  As plaintiff has not demonstrated that his conviction has been invalidated, his search, seizure, and arrest claims are subject to dismissal under Heck.

In sum, the following motions are granted:  Defendant J.M. Kelley's Motion to Dismiss (Doc. No. 26); Defendant Mike Burgess' Motion to Dismiss (Doc. No. 27); Defendants' Motion to Dismiss (Doc. No. 34); and Motion to Dismiss on Behalf of Vern Wilson and Chance Husted (Doc. No. 71).  Plaintiff's Request to Enter Default (Doc. No. 74) and Motion for Default Judgment (Doc. No. 84) are DENIED.  This

---

[4]*See* id. at Exhibit D2.

matter is dismissed as time-barred.  Judgment will issue accordingly.

It is so ordered this 31st day of August, 2005.

TIM LEONARD
United States District Judge